UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CRESCENT ELECTRIC SUPPLY COMPANY,
   INC. OF NEW YORK,                                 16-cv-3352

                             Plaintiff,

                                                 COMPLAINT

   - against -

LIBERTY MUTUAL INSURANCE COMPANY,

                             Defendant.
----------------------------------------------------------------X

       Plaintiff, CRESCENT ELECTRIC SUPPLY COMPANY, INC. OF NEW YORK ("Crescent") by its attorneys, Korsinsky & Klein, LLP, for its Complaint, alleges:

## PARTIES

       1.   Crescent is a New York corporation that was at all relevant times and is authorized to do business in the State of New York with its principal place of business at 1200 Zerega Avenue, Bronx, New York 10462.

       2.   Upon information and belief, LIBERTY MUTUAL INSURANCE COMPANY ("Liberty") is a Massachusetts corporation which is authorized by the Superintendent of the Department of Insurance of the State of New York to issue surety bonds in New York, and has its principal offices at 175 Berkeley Street, Boston, Massachusetts 02116.

## JURISDICTION AND VENUE

       3.   Jurisdiction of this Court is based upon complete diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(i), the amount in controversy exceeding $75,000.00, exclusive of interest and costs.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims asserted occurred in this District.

## BACKGROUND

5. Crescent supplies electrical supplies and material to electrical contractors and subcontractors throughout the New York City Metropolitan Area.

6. Nunez Electric, Inc. ("Nunez") provides electrical contractor and subcontractor work, also in the New York Metropolitan Area.

7. Crescent has supplied goods and materials to Nunez at least since 2005. On or about August 2, 2005, Nunez submitted an application for open account privilege to Crescent. The purpose of the application was for Nunez to be pre-approved for future transactions with Crescent and as part of that application Nunez agreed that when it did purchase material from Crescent its purchases would be governed by Crescent's standard terms and conditions of sale. Crescent's standard terms and condition provide, *inter alia*, that a service charge of 1.5% per month will be assessed for all amounts unpaid for 30 days after they are due and that Nunez is liable for attorney's fees incurred by Crescent in attempting to collect on unpaid invoices.

8. Crescent approved Nunez's application for open account privilege

**A.    The PS 768K Claim**

9. Upon information and belief, the School Construction Authority of the City of New York (the "NYC SCA") contracted with Iannelli Construction Co., Inc. as the general contractor for a construction project at a New York City public school in Brooklyn known as PS 768K and Our Lady of Guadalupe, 7301 15th Avenue, Brooklyn, New York (the "PS 768K Project").

10. Upon information and belief, Nunez entered into a subcontract with Iannelli Construction pursuant to which it agreed to provide certain electrical work on the PS 768K Project.

11. In connection with the PS 768K Project, Nunez received a series of quotations from Crescent for the latter's provision of material for that Project. Nunez and Crescent entered into a contract (the "768K Contract") pursuant to which Crescent agreed to supply materials for Nunez's use on the PS 768K Project. The material was to be provided pursuant to Crescent's standard terms and conditions of sale.

12. During the 768K Project, Crescent sold electrical materials to Nunez and fully performed its obligations under the 768K Contract. Although Nunez has made some payments, $199,591.69 remained due and owing on it as of February 9, 2016. No payments have been made by Nunez with respect to the 768K Contract since that date.

13. The total outstanding amount due to Crescent from Nunez on the PS 768K Project that is unpaid is $199,591.69, as of February 9, 2016 (the "PS 768K Debt"). In addition, based on Crescent's terms and conditions, there are late charges due in the amount of 1.5% per month from the date of the invoices, plus attorney's fees incurred in connection with the collection of what is owed.

14. Despite due demand, Nunez has failed and refused to pay Crescent the amount due and owing.

**B.     The PK 765K Claim**

15. Upon information and belief, the NYC SCA contracted with Technico Construction Services, Inc. as the general contractor for a construction project at a New York City public

school in Brooklyn known as PK 765K, 1139 Coney Island Avenue, Brooklyn, New York (the "PK 765K Project").

16. Upon information and belief, Nunez entered into a subcontract with Technico Construction pursuant to which it agreed to provide certain electrical work on the PK 765K Project.

17. In connection with the PK 765K Project, Nunez and Crescent agreed that Crescent would provide electrical supplies and material for Nunez's use at the PK 765K Project (the "765K Contract"). The material was to be provided pursuant to Crescent's standard terms and conditions of sale.

18. During the 765K Project, Crescent sold electrical materials to Nunez and fully performed its obligations under the 765K Contract. Although Nunez has made some payments, $9,449.84 remained due and owing on it as of February 9, 2016. No payments have been made by Nunez with respect to the 765K Contract since that date.

19. The total outstanding amount due to Crescent from Nunez on the PK 765K Project that is unpaid is $9,449.84, as of February 9, 2016 (the "PK 765K Debt"). In addition, based on Crescent's terms and conditions, there are late charges due in the amount of 1.5% per month from the date of the invoices, plus attorney's fees incurred in connection with the collection of what is owed.

20. Despite due demand, Nunez has failed and refused to pay Crescent the amount due and owing.

**FIRST CLAIM FOR RELIEF**
**(Breach of Payment Bond: PS 768K)**

21. Crescent repeats, realleges and reiterates paragraphs 1 through 14 above as if fully set forth herein.

4

22. Upon information and belief, Liberty issued Payment Bond No. 015 040 275 to the NYC SCA with respect to the PS 768K Project (the "768K Payment Bond").

23. The 768K Payment Bond was for $10,995,000.00.

24. The 768K Payment Bond provided that should a subcontractor or supplier of material for the PS 768K Project, such as Crescent, not be paid for at least 90 days after it last provided services or material it could make a claim and sue Liberty as surety for the unpaid amount, and Liberty was obligated to pay the outstanding amount.

25. Crescent last supplied materials to Nunez for the PS 768K Project on October 13, 2015.

26. On or about February 19, 2016, over 90 days after the last date on which Crescent supplied materials to Nunez for the PS 768K Project, Crescent, by its counsel, submitted its claim to Liberty related to the PS 768K Project for $199,591.69, which was the amount due and unpaid to Crescent by Nunez related to that Project as of February 9, 2016, (the "768K Claim").

27. By letter dated February 29, 2016, Liberty acknowledged that it had received the 768K Claim. It also requested that Crescent submit a formal proof-of-claim form and relevant documents to Liberty.

28. On or about March 28, 2016 Crescent submitted a completed proof-of-claim form and relevant documents to Liberty as it been asked to do in the February 29 letter.

29. Liberty has failed to pay the 768K Claim.

30. Upon information and belief, Crescent provided sufficient proof to Liberty on its entitlement to payment under the 768K Payment Bond.

31. Upon information and belief, Crescent is an appropriate claimant under the 768K Payment Bond.

32. Upon information and belief, Crescent has satisfied all of the conditions precedent for payment to it pursuant to the terms of the 768K Payment Bond.

33. Liberty has failed and refused to pay the 768K Claim.

34. By failing to pay the 768K Claim, Liberty breached the 768K Payment Bond, on which Crescent was a third-party beneficiary, and Crescent has been damaged thereby.

35. This Action is brought less than one year from the date on which the public improvement has been completed and accepted by the public owner.

36. As a result of Liberty's breach, Crescent is entitled to recover a minimum amount of $199,591.69, plus late charges from February 9, 2016, the last date on which late charges were assessed, at the rate of 1.5% per month, plus interest and its costs of collection and attorney's fees incurred in connection with the collection of what is owed.

**SECOND CLAIM FOR RELIEF**
**(Bad Faith Denial of Claim Under Payment Bond: PS 768K)**

37. Crescent repeats, realleges and reiterates paragraphs 1 through 14 and 21 through 36 above as if fully set forth herein.

38. Crescent made a timely and proper claim with Liberty with respect to the 768K Payment Bond related to the non-payment of what Crescent was owed by Nunez for the PS 768K Project.

39. After Crescent made the 768K Claim, Liberty requested additional information, which Crescent duly and timely provided.

40. After Crescent provided all of the information requested with respect to the 768K Claim, Liberty never responded to the 768K Claim and thereby denied it. There is no substantial basis for Liberty's refusal to make payment to Crescent pursuant to the 768K Payment Bond.

41. As a result of the foregoing, in addition to being liable to Crescent pursuant to the terms of the 768K Payment Bond, Liberty is liable to Crescent for reasonable attorney's fees incurred by Crescent with respect to that Bond, pursuant to section 137(4)(c) of the New York State Finance Law, as well as punitive damages in an amount of at least $1,000,000.00 or such other higher amount sufficient to punish and deter Liberty for its misconduct.

**THIRD CLAIM FOR RELIEF**
**(Breach of Payment Bond: PK 765K)**

42. Crescent repeats, realleges and reiterates paragraphs 1 through 8 and 15 through 20 above as if fully set forth herein.

43. Upon information and belief, Liberty issued Payment Bond No. 015 044 838 to the NYC SCA with respect to the PK 765K Project (the "765K Payment Bond").

44. The PK 765K Payment Bond was for $9,444,000.00.

45. The PK 765K Payment Bond provided that should a subcontractor or supplier of material for the PK 765K Project, such as Crescent, not be paid for at least 90 days after it last provided services or material it could make a claim and sue Liberty as surety for the unpaid amount, and Liberty was obligated to pay the outstanding amount.

46. Crescent last supplied materials to Nunez for the PK 765K Project on September 25, 2015.

47. On or about February 19, 2016, over 90 days after the last date on which Crescent supplied materials to Nunez for the PK 765K Project, Crescent, by its counsel, submitted its claim to Liberty related to the PK 765K Project for $9,449.84, which was the amount due and unpaid to Crescent by Nunez related to that Project as of February 9, 2016, (the "765K Claim").

48. By letter dated February 25, 2016, Liberty acknowledged that it had received the 765K Claim. It also requested that Crescent submit a formal proof-of-claim form and relevant documents to Liberty.

49. On or about March 23, 2016 Crescent submitted a completed proof-of-claim form and relevant documents to Liberty as it been asked to do in the February 29 letter.

50. Liberty has failed to pay the 765K Claim.

51. Upon information and belief, Crescent provided sufficient proof to Liberty on its entitlement to payment under the 765K Payment Bond.

52. Upon information and belief, Crescent is an appropriate claimant under the 765K Payment Bond.

53. Upon information and belief, Crescent has satisfied all of the conditions precedent for payment to it pursuant to the terms of the 765K Payment Bond.

54. Liberty has failed and refused to pay the 765K Claim.

55. By failing to pay the 765K Claim, Liberty breached the 765K Payment Bond, on which Crescent was a third-party beneficiary, and Crescent has been damaged thereby.

56. This Action is brought less than one year from the date on which the public improvement has been completed and accepted by the public owner.

57. As a result of Liberty's breach, Crescent is entitled to recover a minimum amount of $9,449.84, plus late charges, from February 9, 2016, 2016, the last date on which late charges were assessed, at the rate of 1.5% per month, plus interest and its costs of collection and attorney's fees incurred in connection with the collection of what is owed.

## FOURTH CLAIM FOR RELIEF
### (Bad Faith Denial of Claim Under Payment Bond: PK 765K)

58. Crescent repeats, realleges and reiterates paragraphs 1 through 8, 15 through 20, and 42 through 57 above as if fully set forth herein.

59. Crescent made a timely and proper claim with Liberty with respect to the 765K Payment Bond related to the non-payment of what Crescent was owed by Nunez for the PK 765K Project.

60. After Crescent made the 765K Claim, Liberty requested additional information, which Crescent duly and timely provided.

61. After Crescent provided all of the information requested with respect to the 765K Claim, Liberty never responded to the 765K Claim and thereby denied it. There is no substantial basis for Liberty's refusal to make payment to Crescent pursuant to the 765K Payment Bond.

62. As a result of the foregoing, in addition to being liable to Crescent pursuant to the terms of the 765K Payment Bond, Liberty is liable to Crescent for reasonable attorney's fees incurred by Crescent with respect to that Bond, pursuant to section 137(4)(c) of the New York State Finance Law, as well as punitive damages in an amount of at least $1,000,000.00 or such other higher amount sufficient to punish and deter Liberty for its misconduct.

**WHEREFORE**, Plaintiff Crescent prays that this Court:

(i) Enter judgment in favor of Crescent and against Liberty on the First Claim for Relief for breach of contract in the minimum amount of $199,591.69, plus late charges, from February 9, 2016, at the rate of 1.5% per month, plus interest, plus its reasonable attorney's fees, costs and interest;

9

(ii) Enter judgment in favor of Crescent and against Liberty on the Second Claim for Relief for Liberty's bad-faith consideration of the 768K Claim for Crescent's reasonable attorney's fees plus punitive damages of at least $1,000,000.00;

(iii) Enter judgment in favor of Crescent and against Liberty on the Third Claim for Relief for breach of contract in the minimum amount of $9,449.84, plus late charges, from February 9, 2016, at the rate of 1.5% per month, plus interest, plus its reasonable attorney's fees, costs and interest;

(iv) Enter judgment in favor of Crescent and against Liberty on the Fourth Claim for Relief for Liberty's bad-faith consideration of the 765K Claim for Crescent's reasonable attorney's fees plus punitive damages of at least $1,000,000.00;

(v) Grant such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
June 21, 2016

                                              KORSINSKY & KLEIN LLP

                                              By: */s/ Michael Korsinsky*
                                                       Michael Korsinsky
                                              Joseph P. Garland
                                              2926 Avenue L
                                              Brooklyn, New York 11210
                                              (212) 495-8133
                                              *Attorneys for Plaintiff*